FILED
SUPERIOR COURT
OF GUAM

2019 SEP 13 PM 1: 18

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

                    Plaintiff,

        v.

KERCY CHINGIUO
(aka **Jayance Chisiwnuo**),
DOB: 04/25/1992

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Criminal Case No. CF0397-16**
GPD Report No. 16-17335

**DECISION AND ORDER**

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on September 6, 2019 for a restitution hearing. Defendant Kercy Chingiuo ("Defendant") appeared with Assistant Public Defender Ali Nusbaum. The People are represented by Assistant Attorney General Peter Santos. After considering the arguments and testimony of the parties, and the applicable law, the Court now issues this Decision and Order granting the People's request for restitution.

### BACKGROUND

On July 24, 2016 Guam Police Department Officers responded to a theft complaint. (Magistrate's Complaint at Decl., Jun. 25, 2016). The victim's wife, Annie Paulino ("Mrs. Paulino"), reported that three weeks prior her husband, Christobal Paulino ("Mr. Paulino"), had two rings stolen from him: one gold 1964 class ring and another silver band fitted with

diamonds. *Id.* Mrs. Paulino reported that she and her husband suspected their housekeeper, Defendant Chingiuo, of the theft, but wanted to gather more information before contacting the police. *Id.* The Defendant was later interviewed by officers where she admitted that she took the rings and pawned them. *Id.*

On July 14, 2016, a grand jury returned an Indictment against the Defendant charging her with Theft (as a Second Degree Felony). (Indictment, Jul. 14, 2016). The People provided the Court with a restitution summary prior to the scheduled trial date. (Submission of Summary Report (RE: Restitution, Oct. 6, 2017). Thereafter, the Defendant pled no contest to Theft (as a Misdemeanor) as a lesser-included offense to Theft (as a Second Degree Felony). (Plea Agreement, Apr. 13, 2018). In her plea agreement, the Defendant agreed to pay restitution to the victim. *Id.* at 3. The Court subsequently held a restitution hearing, at which point the Court took the matter under advisement. (Minute Entry, Sep. 6, 2019).

## DISCUSSION

Guam's statutes provide that a person convicted of a crime may be ordered to pay restitution in the amount of:

> (c) One Thousand Dollars ($1,000.00), when the conviction is of a misdemeanor;
> (e) Any higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender. In such case the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue. For purposes of this Section, the term "gain" means the amount of money or the value of the property derived by the offender and the term "loss" means the amount of value separated from the victim;

8 GCA § 80.50. This means that the court may order the Defendant to pay restitution up to one thousand dollars without any specific findings, but must make findings for any higher amount, not to exceed double the loss of the victim or gain of the Defendant. *People v. Mallo*, 2008

Guam 23 ¶ 43. Here the People seek two thousand four hundred forty-nine dollars ($2,449.00) in restitution for the victim's losses, requiring the Court to make specific findings regarding those losses if it wishes to order restitution in that amount. *Id.*

As a preliminary matter we acknowledge that the Defendant, through her plea agreement, agreed to be held liable for full restitution, if any, to the victim. (Plea Agreement at 3). However, the People still bear the burden of proving losses by a preponderance of the evidence. *See United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008).

At the hearing the victim, Mr. Paulino, testified as to his losses as a result of the theft. He described two rings that were stolen from him: a gold class ring with a gemstone, the Guam seal, and an engraving; and a ring with small diamonds fitted into it. (Court Recording at 3:23:20). Mr. Paulino explained that he had purchased the class ring when graduating in 1964 for one hundred fifty dollars ($150.00). *Id.* He also stated that the receipt for the ring had since been lost either to moving or a storm that damaged his property. *Id.* As for the diamond ring, Mr. Paulino stated that he had a receipt for its purchase, and the ring had cost him two thousand two hundred and ninety-nine dollars ($2,299.00). *Id.*; (Submission of Summary Report (RE: Restitution at Exhibit 2).

After hearing the testimony of the victim and the arguments of the parties, the Court is satisfied that the People have met their burden of proving the victim's losses by a preponderance of the evidence. *Waknine*, 543 F.3d at 556. Accordingly, the Court shall grant the People's request for restitution and order the Defendant to pay for the full losses incurred by the victim.

///

///

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the People's request for restitution. It is hereby **ORDERED** that the Defendant pay restitution to the victim, *Cristobal Paulino*, in the amount of two thousand four hundred forty-nine dollars ($2,449.00). The Court shall hold further proceedings in this matter on November 20, 2019 at 3:00p.m.

**IT IS SO ORDERED** on this 13th day of September, 2019



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

Date: 9/13/19  Time: 1:20pm

Deputy Clerk, Superior Court of Guam